UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THE MAGNOLIA CENTER, INC.,

    Plaintiff,

v.                                           CASE NO. 8:11-CV-1057-T-17AEP

GENERAL INSURANCE COMPANY
OF AMERICA, et al.,

    Defendants.

_____/

ORDER

    This cause is before the Court on:

    Dkt. 3  Motion to Dismiss
    Dkt. 6  Notice of Filing - Motion to Dismiss
    Dkt. 8  Notice of Filing - Stipulation
    Dkt. 14 Response
    Dkt. 17 Motion to Remand
    Dkt. 23 Response
    Dkt. 24 Reply

    The Amended Complaint (Dkt. 2) includes Count I, Breach of Contract, as to General Insurance Company of America, and Count II, Agent Negligence, as to Brown & Brown, Inc.

    Defendant General Insurance Company of America ("GI") moves to dismiss for fraudulent joinder.  Defendant GI argues that the cause of action in Count II cannot accrue until the cause of action in Count I is final.

Case No. 8:11-CV-1507-T-17AEP

Plaintiff The Magnolia Center, Inc. opposes GI's Motion to Dismiss, and has moved to remand this case to Hillsborough County Circuit Court.

Any civil case filed in state court may be removed to federal court if the case could have originally been brought in federal court.  See 28 U.S.C. § 1441(b). Additionally, a case may be removed by a defendant if the amount in controversy exceeds $75,000.00 and the action is among parties that are completely diverse, that is when none of the defendants is a citizen of the same state as any of the plaintiffs. See 28 U.S.C. § 1332(c)(1).  Any party may remand a removed case back to state court "at any time it appears the district court lack subject matter jurisdiction...." 28 U.S.C. § 1447(c).  Defects in subject matter jurisdiction include a lack of diversity of citizenship among the adverse parties.  Amundson & Assoc. Art Studio, Ltd. v. Natl. Council on Compensation Ins., Inc., 977 F.Supp. 1116 (D. Kan.1997).  When a defendant is improperly joined into an action, and that joinder improperly defeats diversity, the joinder is fraudulent and the case will not be remanded. See Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir.1998).  Fraudulent joinder does not focus, nor depend, upon proof of fraud or lack of candor, but rather: (1) whether any cause of action is stated against the resident defendant; and, if so; (2) whether a cause of action is against the resident defendant in fact exists.  Katz v. Costa Armatori, S.P.A., 718 F.Supp. 1508, 1513 (S.D. Fla.1989).

Under Florida law, an insured's cause of action against an agent for negligence does not accrue until the proceedings against the insurer are final.  Blumberg v. USAA Casualty Ins. Co., 790 So.2d 1061 (Fla. 2001).  Count II is premature, and will be dismissed without prejudice.  Looney v. Protective Life Ins. Co., 2007 WL 2669190 (M.D. Fla. 2007).  After consideration, the Court grants Defendant's Motion to Dismiss without prejudice, and denies Plaintiff's Motion to Remand.  Accordingly, it is

Case No. 8:11-CV-1507-T-17AEP

**ORDERED** that the Motion to Dismiss is **granted**, and Count II is **dismissed without prejudice**. The Clerk of Court shall terminate Brown & Brown, Inc. as a defendant. The Motion to Remand is **denied**.

**DONE AND ORDERED** in Chambers, in Tampa, Florida on this 9th day of September, 2011.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to:
All parties and counsel of record